IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

**MARCIA LUND,**

   *Plaintiff*,

v.                                      Case No. _____
                                           **JURY TRIAL DEMANDED**

**GREAT WOLF WILLIAMSBURG SPE, LLC**
**d/b/a GREAT WOLF LODGE**

  Serve:        Cogency Global, Inc.
                    250 Browns Hill Ct.
                    Midlothian, VA 23114

   *Defendant*.

## COMPLAINT

COMES NOW the Plaintiff, Marcia Lund, by counsel, and for her Complaint against Great Wolf Williamsburg SPE, LLC, doing business as Great Wolf Lodge [hereinafter "GWL"], alleges the following upon information and belief:

## PARTIES

1. Plaintiff Marcia Lund is a citizen of the Commonwealth of Virginia.

2. Defendant Great Wolf Williamsburg SPE, LLC is a limited liability company authorized to conduct business in the Commonwealth of Virginia, organized under the laws of Delaware and with a principal place of business at 525 Junction Road, Suite 6000, Madison, Wisconsin 53717.  No members of Great Wolf Williamsburg SPE, LLC are citizens of the Commonwealth of Virginia.

## JURISDICTION AND VENUE

3. This Court may exercise personal jurisdiction over GWL because it regularly conducts business in the Commonwealth of Virginia, and this action arises out of GWL's conduct within the Commonwealth of Virginia.

4. This Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1332 because the parties are of completely diverse citizenship and the amount in controversy exceeds $75,000.

5. Venue is appropriate in this division because the acts and omissions complained of herein occurred in James City County, Virginia.

## BACKGROUND

6. At all relevant times, GWL was the owner and operator of the Great Wolf Lodge in Williamsburg, Virginia. Great Wolf Lodge is a combination hotel and water park.

7. At all relevant times, GWL utilized agents and employees to maintain its facilities and grounds. Such agents and employees were acting within the scope of their agency and employment, and GWL is thus vicariously liable for their tortious acts and omissions.

8. GWL had a duty to exercise reasonable care to maintain its premises in a reasonably safe condition for invitees, and to use ordinary care to warn invitees of any unsafe condition about which GWL knew or, by the use of ordinary care, should have known.

9. On March 30, 2019, Plaintiff Lund was an invitee at GWL, having been a guest at the lodge along with members of her family.

10. As an invitee, Ms. Lund had the right to assume that GWL's premises were reasonably safe for her visit.

11. Ms. Lund was walking into the main building via an entrance door, in an area where patrons were expected and intended to walk.

12. Immediately inside the doors, there was a piece of metal stripping followed by a section of stone and mortar:



13. Adjacent to the metal stripping, a section of the mortar had deteriorated. The area circled below, with lighter mortar, shows where the defect was located:



14.     The defect was approximately nine inches long by three inches wide.

15.     The deteriorated mortar had crumbled away over time, leaving an approximately twenty-seven square inch defect that created a ledge along the edge of the stone.

16.     This defect created a significant trip hazard in a high-traffic area.

17.     The nature of the defect is such that it did not occur quickly.  Rather, it was the result of an extended period of deterioration, during which time the defect grew larger and larger.

18.     Even minimal inspection and oversight on the part of GWL and/or its maintenance or cleaning staff would have noted the emerging defect, understood its potential to create an unsafe condition, and taken reasonable steps to repair the condition.

19.     However, for patrons entering the building from the outside, the defect would not have been obvious.  Coming from the bright outdoors into the comparatively darker building, one's eyes need a moment to adjust.  Additionally, patrons will be focusing on what is ahead of them,

discerning where to go. And finally, given that the mortar still in the defect was of the same general color as the surrounding mortar, the existence of the defect would not be immediately apparent.

20. As Ms. Lund was walking into the building on March 30th, she was wearing sandals like many of GWL's patrons. The toe of her sandal caught on the lip/depression created by the deteriorated mortar.

21. Ms. Lund thus lost her balance and fell forward. As she landed, the majority of the force of her fall was concentrated on her right elbow.

22. As a result of the fall, Ms. Lund suffered a severe fracture to her right elbow, which required a total elbow replacement surgery to repair:



{00749159-1 }

## **COUNT 1 - NEGLIGENCE**

23. All preceding allegations are incorporated herein by reference.

24. GWL had a duty to guests and invitees, including Ms. Lund, to exercise reasonable care to maintain its premises in a reasonably safe condition and to warn of unsafe conditions about which it knew or reasonably should have known.

25. The defect described herein constituted an unsafe condition on GWL's premises.

26. GWL knew, or in the exercise of reasonable care should have known, of the defect well in advance of Ms. Lund's incident.

27. GWL breached its duties to Ms. Lund, and was thus negligent, in one or more of the following ways:

   a. failing to maintain its premises in a reasonably safe condition;

   b. failing to reasonably inspect its premises to identify potential hazards;

   c. permitting its premises to deteriorate and fall into disrepair over extended periods of time; and

   d. failing to warn of hazardous conditions of which it was aware or reasonably should have been aware.

28. As a direct and proximate result of GWL's negligence as described herein, Ms. Lund suffered severe injury. As a result of said injuries, Ms. Lund has experienced pain, suffering, mental anguish, disability, and inconvenience, and will likely continue to suffer the same in the future; has incurred substantial medical expenses and will likely incur additional expenses in the future; and has suffered significant loss of opportunity and enjoyment of life, and will continue to suffer the same in the future.

WHEREFORE, for the reasons stated herein, Plaintiff demands judgment against GWL in an amount to be determined by a jury, along with pre-judgment interest running from March 30, 2019, and her costs in this behalf incurred.

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

MARCIA LUND
By Counsel

_/s/ E. Kyle McNew_
E. Kyle McNew, Esq. (VSB No. 73210)
J. Gregory Webb, Esq. (VSB No. 38157)
MichieHamlett PLLC
310 4th Street NE, 2nd Fl.
Charlottesville, Virginia 22902
(434) 951-7200 Telephone
(434) 951-7257 Facsimile
gwebb@michiehamlett.com
kmcnew@michiehamlett.com
*Counsel for Plaintiff*

{00749159-1 }